

# NUMBER 13-10-00661-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RONALD ALANIZ
A/K/A ROLAND ALANIZ,                                         Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

## On appeal from the 24th District Court
## of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Vela, and Perkes
Memorandum Opinion by Justice Perkes**

Pursuant to a plea-bargain agreement, appellant, Ronald Alaniz a/k/a Roland Alaniz, pleaded guilty to the offense of unlawful possession of a controlled substance in penalty group one, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2006). The trial court accepted appellant's guilty plea and assessed punishment as two years of confinement in the Texas Department of Criminal Justice, State-Jail Division.

However, the trial court suspended the imposition of sentence and placed appellant on community supervision for a period of five years.[1]  *See generally* TEX. CODE CRIM. PROC. ANN. § 15 (West 2006).

Appellant thereafter violated the conditions of his community supervision and the State filed a motion to revoke community supervision.   Appellant pleaded "not true" to all of the community-supervision violations the State alleged.   After receiving evidence, the trial court revoked appellant's community supervision and sentenced appellant to two years of confinement in Texas Department of Criminal Justice, State-Jail Division, plus a $1,000 fine. *See* TEX. PENAL CODE ANN. § 12.35 (West 2006).   In the judgment revoking community supervision, appellant's name appears as "Roland Alaniz" though the record reflects that appellant's name is "Ronald Alaniz."

Appellant timely perfected this appeal, and as discussed below, his court-appointed counsel filed an *Anders* brief.   We modify the trial court's judgment to show his name is Ronald Alaniz, and as modified, we affirm the trial court's judgment.

## I.   *ANDERS* BRIEF

Pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated.   Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.   *See In*

---

[1]   The trial court imposed various community-supervision conditions, including 250 hours of community service, a $1,000 fine, $140 in restitution, and suspension of appellant's driver's license for a period of 180 days.  *See generally* TEX. CODE CRIM. PROC. ANN. §§ 15–16 (West 2006).   The trial court further ordered that appellant undergo a drug/alcohol evaluation as a condition of his community supervision.  *See generally id.* § 15.

*re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response.[2] *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and have found nothing that would arguably support an appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman,* 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

3

opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record.

In the trial court's judgment, appellant is misnamed "Roland Alaniz" instead of "Ronald Alaniz." The record, including the indictment, plea-bargain paperwork, and judgment imposing community supervision, show appellant's name is Ronald Alaniz. Appellant signed paperwork in the trial court "Ronald Alaniz." An intermediate appellate court may reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. TEX. R. APP. P. 43.2(b); *see e.g.*, *Tamez v. State*, 620 S.W.2d 586, 590 (Tex. Crim. App. [Panel Op.] 1981). (reforming judgment to show $500 fine imposed but not stated in judgment); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (reforming judgment to reflect longer sentence). Errors concerning a criminal defendant's name have been corrected in other cases. *See e.g.*, *Starnes v. State*, No. 05-08-00795-CR, 2010 WL 1981792, at * 5 (Tex. App.—Dallas May 19, 2010, no pet.) (mem. op., not designated for publication) (modifying trial court's judgment to correctly show defendant's name); *see also Mendoza v. State*, No. 01-02-00713-CR, 2003 WL 21666088, at *1 (Tex. App.—Houston [1st Dist.] July 17, 2003, no pet.) (mem. op., not designated for publication) (modifying trial court's judgment in an *Anders* case to correctly show defendant's first name).

We hereby modify the trial court's judgment revoking community supervision to delete "Roland" and to show appellant's first name is Ronald. As modified, the trial court's judgment is affirmed.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
10th day of November, 2011.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.